UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

WILLIAM M. ALLEN,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

    SERVE:    Corporation Service Company
                  1111 East Main Street
                  Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony
                  Troutman Sanders LLP
                  1001 Haxall Point
                  Richmond, VA 23219

TRANS UNION, LLC

    SERVE:    Corporation Service Company
                  1111 East Main Street
                  Richmond, VA 23219

    Defendants.

CIVIL ACTION NO.

3:14cv149

FILED MAR - 6 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**COMPLAINT**

COMES NOW the Plaintiff, William M. Allen ("Allen" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

**JURISDICTION**

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person residing in Virginia, and at all times relevant to this Complaint was a "consumer" as defined and protected by the FCRA.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

6. Defendant Trans Union, LLC ("TransUnion") is a foreign limited liability company doing business in Virginia. At all times relevant to this Complaint, it was a "credit reporting agency" as defined by the FCRA.

## STATEMENT OF FACTS

7. In approximately 2007, Plaintiff obtained a credit card account with American Express with an account number ending in -2005 (the "Account").

8. On July 1, 2011, Plaintiff paid the Account in full and sent a letter to American Express instructing it to close the account.

9. In early 2012, Plaintiff learned that American Express was nonetheless reporting that he had been late on three payments after he instructed American Express to close his account and despite the fact that he had paid the Account in full before closing it.

10. Thereafter, Plaintiff submitted written disputes to Defendants Experian, TransUnion, and Equifax, on multiple occasions, and notified them that he never made a late payment on the Account and that his credit report was inaccurate. Plaintiff also sent supporting

documentation to Defendants Equifax, TransUnion, and Experian to show that the Account had been paid and closed.

11. Upon information and belief, in response to Plaintiff's disputes, Defendants, through their outsource vendor in the Philippines, Costa Rica and/or India, merely transmitted a two-digit "dispute code" in an electronic ACDV to the furnisher regarding the Account in each instance in accordance with their standard investigation procedures.

12. Defendants failed to forward all relevant information regarding the Account at such time as they processed Plaintiff's disputes.

13. In response to Plaintiff's disputes, each Defendant failed to correct the Account's inaccurate payment information and continued to report that he had been 90 days delinquent.

14. Defendants, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing significant damages to the Plaintiff.

15. Defendants are well aware that the FCRA requires them to conduct a meaningful investigation of a consumer's dispute.

16. Upon information and belief, Defendants have each developed a method of processing consumer disputes that is specifically designed to process consumer disputes cheaply and quickly, rather than accurately.

17. Upon information and belief, these methods often do not comply with the FCRA's requirement that the Defendants must conduct a meaningful investigation of a consumer's dispute. For example, and without limitation, Defendants often conduct only a cursory review of the documentation that a consumer attaches to his dispute and do not forward the documentation to the furnisher.

18. Upon information and belief, Defendants know that their methods of processing

disputes do not comply with the requirements of the FCRA. Despite this knowledge, Defendants continue to ignore the FCRA's requirements concerning consumer disputes because noncompliance via automated dispute processing is a more cost-effective way for them to conduct business.

19. The Defendants' conduct was willful and entitles Plaintiff to recover punitive damages for their violations of the FCRA.

20. As a result of each Defendant's actions, Plaintiff suffered actual damages.

## COUNT ONE:
### (Violation of 15 U.S.C. § 1681e(b))

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. The Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

23. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

24. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

25. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1))

26. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

27. The Defendants violated 15 U.S.C § 1681i(a)(1) by their conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in the file.

28. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

29. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

30. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(2))

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. The Defendants violated 15 U.S.C § 1681i(a)(2) by their conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that they received in Plaintiff's dispute letters.

33. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered

actual damages.

34. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

35. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
### (Violation of 15 U.S.C. § 1681i(a)(4))

36. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. The Defendants violated 15 U.S.C § 1681i(a)(4) by their conduct which includes, but is not limited to, failing to review and consider all relevant information that they received in Plaintiff's communications.

38. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

39. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
### (Violation of 15 U.S.C. § 1681i(a)(5))

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. The Defendants violated 15 U.S.C § 1681i(a)(5) by their conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

43. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

44. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**WILLIAM R. ALLEN**

By: _____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com